BLUE, Judge.
Eugenia Ann Mercer appeals her conviction of first-degree murder for which she was sentenced to the mandatory 25 years in prison. Her sole contention is that the record is insufficient for a meaningful appellate review. Although the record is far from perfect, it allows a sufficient review by this court and our review fails to disclose any errors requiring reversal. We, therefore, affirm the conviction and sentence.
This appeal caused us great concern because of the way the trial transcript was created and the problems it caused for appellate counsel and this court. In what we *535 perceive as a failed experiment, the trial was videotaped without the presence of a court reporter. The videotapes were transcribed by a typist and included in the record on appeal. The transcript contained nearly 1,000 notations indicating portions of the tape that were inaudible, without any indication as to the time involved. Because of these gaps, this court ordered the trial court to reconstruct the record or certify an inability to do so.
In response, the trial court engaged a court reporter to prepare another transcript from the videotape and the prior transcript. No attempt was made to hold an evidentiary hearing with trial counsel, neither of whom are involved in this appeal. The trial judge indicated that such a hearing was not conducted because he believed it would be impossible to reconstruct an accurate record from his recollections or those of the trial attorneys.
The second transcript was a significant improvement although it still contained 90 notations where the tape was inaudible. In addition to noting “inaudible,” the court reporter also noted the periods of time involved, which varied from two seconds to seventy seconds. By our count, the total time of inaudible tape was eleven minutes and thirty-nine seconds over a four-day trial.
The second transcript faded to contain the video deposition of the victim’s fiancee that was part of the evidence at trial. However, a transcript of that deposition is attached to the first transcript and appears to be complete. More troubling is the complete absence of Mercer’s audiotaped statement that was admitted at trial without objection, played for the jury, and apparently taken to the jury room as part of the evidence in the case.
Despite the deficiencies in the transcript, the following facts were clearly established and recorded. On August 14,1988, Matthew Boehm was shot twice by Eugenia Ann Mercer and died as a result of the gunshot wounds. At that time, Mercer was 40 years of age and Boehm was 21. They had been boyfriend and girlfriend, living together off and on, since shortly before Boehm turned 18 years of age. Based upon the evidence presented at trial, the relationship was stormy. Apparently Boehm took financial advantage of his older companion and often “strayed” from the relationship to be in the company of females nearer his own age.
During the years Mercer and Boehm were involved, they separated three or four times. Approximately one week before Boehm’s death, Mercer learned that he was involved with Alicia Dale. Mercer went to Dale’s apartment and Boehm was there. A confrontation occurred. That night Mercer had Boehm arrested on a charge of stealing her car. Upon Boehm’s release from jail, he moved from Mercer’s trailer.
In the week prior to Boehm’s death, Mercer learned that Boehm planned to marry Dale and had arranged for a church, best man, and flower girl. On the evening of August 14, Boehm returned to Mercer’s trailer to retrieve the remainder of his belongings. While Boehm was at the trailer, Mercer shot and killed him. Mercer contended at trial that she shot Boehm in self-defense when he became angry with her and came toward her. She feared he was going to harm her as he had done in the past. There was, however, testimony from two witnesses that Mercer had threatened to Mil Boehm. One witness testified that Mercer said if she could not have Boehm, no one else would.
Mercer admitted in her statement and in her testimony that she fired the two shots that caused Boehm’s death. This fact was conceded by trial counsel. Mercer’s defense was entirely based on a theory of justifiable homicide due to her fear of Boehm.
Mercer’s appellate attorney argues only that the errors in the trial transcript are such that Mercer is unable to fully and fairly exercise her right to an appeal. Because we, too, are uncomfortable with the quality of the record, as well as with the lack of assistance we have received from appellate counsel in addressing substantive issues, and from both appellate counsel and the trial judge in preparing a suitable record, we have reviewed this appeal in the following manner. First, we have reviewed the issue presented by Mercer’s appellate attorney. Second, we have examined the record in light of her trial *536 attorney’s statement of judicial acts to be reviewed. Third, we have also reviewed the entire record to determine if any error is present, such as would have been done had an Anders[1] brief been filed. Our frustration with the trial transcript compelled us to take this approach.
Mercer’s appellate attorney limited the brief to the argument that Mercer’s conviction must be reversed because the errors in the record could not be rectified and therefore it was impossible for counsel to determine which if any grounds existed for good faith appellate arguments. As previously stated, while the record is by no means perfect, we find that it does not contain errors or gaps so egregious as to bar meaningful appellate review. In Johnson v. State, 442 So.2d 193 (Fla.1983), the court faced an argument for a new trial based on inconsistencies between the original trial transcript and the corrected trial transcript. Johnson did not identify any omission, inconsistency or inaccuracy in the transcript that prejudiced the appellate review of his case. In Johnson, an evidentiary hearing was held at which the trial judge, the court reporter and both trial attorneys testified to the substantial accuracy and completeness of the corrected transcript in all material regards. Even though such a hearing was not held here, the court’s holding is applicable. Specifically, “[i]n the absence of some clear allegation of prejudicial inaccuracy we see no worthwhile end to be achieved by remanding for new trial [based on the inconsistencies between the transcripts].” 442 So.2d at 195.
Our final resolution of this issue is supported by the following analysis of the substantive issues. The statement of judicial acts to be reviewed raises five points:
1. The verdict is contrary to the law and the evidence.
2. The trial court erred in denying Mercer’s motions for directed judgment of acquittal, each and every.
3. The trial court erred in its instructions to the jury.
4. The state failed to prove an essential element of the offense.
5.The- electronic reporting was improper and not approved nor authorized.
As to points one and four, the facts contained in the record clearly show the verdict was not contrary to the law and evidence and the state did not fail to prove all of the essential elements of the crime. As to point two, the defense argued that Mercer’s statement and testimony proved self-defense and the remainder of the evidence was insufficient to overcome this evidence. The state argued, and the trial court agreed, that the evidence of Mercer’s threats to kill Boehm, if believed by the jury, was sufficient to prove this was a premeditated murder. On that basis, the directed verdicts were denied. We agree the court ruled correctly.
Point three, that the jury was improperly instructed, has been reviewed by examining trial counsel’s objections to the jury instructions. Counsel objected to portions of the justifiable homicide instruction; we have examined this issue and found it to be without error. Defense counsel also objected to the failure of the court to give an instruction on circumstantial evidence. We find the trial court did not abuse its discretion by failing to give this instruction.
Point five, regarding the method by which the trial was recorded, if error, was not preserved for appeal. The record contains no hint that defense counsel, by written pretrial motion or at any time during trial, objected to the method by which the trial was recorded. We agree this is not a method that should be employed in a serious case such as this. However, we find no law requiring a reversal on this point. Additionally, because there is sufficient record available to conduct a meaningful appellate review of the trial, we are unable to hold that the method by which this trial was recorded is fundamental error.
Our independent review of the record included an examination of jury selection. The transcript of the jury selection contained numerous notations of inaudible. Our experience tells us jurors often speak more softly and their answers are not as readily recorded *537 as others who are either experienced in taking part in trial or witnesses instructed to speak up. Our review finds no objections or errors during the jury selection process.
Although we are troubled by the lapses in the record, the law of Florida provides for a new trial only in those cases where the defendant is denied meaningful review of the conviction because of an inadequate record. Had the trial judge held an evidentiary hearing with trial counsel in order to reconstruct the record and certified that the record was substantially complete, it would add comfort to our affirmance of this conviction. However, our examination of the record finds it sufficient for meaningful appellate review. We have determined there is no error that requires reversal of Mercer’s conviction or sentence and therefore, we affirm.
SCHOONOVER, A.C.J., and PARKER, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).